# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **TOSHIBA AMERICA MEDICAL** | § | |
| **SYSTEMS, INC.** | § | |
| | § | |
| **v.** | § | **A-15-CV-013 RP** |
| | § | |
| **CENTRAL PARK IMAGING,** | § | |
| **LTD, et al.** | § | |

## ORDER

Before the Court are: Plaintiff Toshiba America Medical Systems, Inc.'s Opposed Motion to Compel Defendant Central Park Imaging Center, LTD.'s Responses to Requests for Production and Answers to Interrogatories (Dkt. No. 24); Defendant's Response to Plaintiff's Motion to Compel, (Dkt. No. 28); and Plaintiff Toshiba America Medical Systems, Inc.'s Reply, (Dkt. No. 29). The District Court referred the above-discovery motion to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, as amended.

## I. Background

On December 16, 2011, Plaintiff Toshiba America Medical Systems, Inc., through its equipment financing program, entered into a lease agreement with Defendant Central Park Imaging, Ltd., in which Toshiba agreed to lease to Central Park certain ultrasound and MRI equipment. Toshiba alleges that Central Park has failed to make the lease payments on the equipment and owes it more than $394,000 in lease payments and other obligations. Accordingly, on January 8, 2015, Toshiba filed this lawsuit against Central Park, its partner, Central Texas Imaging Associates, Inc. ("Central Texas"), and their guarantors (collectively "Defendants"). In response, Defendants assert

the affirmative defenses of failure of consideration, breach of contract, excuse, material breach, offset, estoppel, impossibility of performance, unclean hands, fraud and fraud in the inducement. In short, Defendants claim that Toshiba fraudulently induced it to enter the contract by making misrepresentations about the quality of the equipment.  Defendants also claim that the equipment did not function properly.

On October 5, 2015, Toshiba filed the instant motion, seeking to compel Central Park to fully respond to Requests for Production and Interrogatories served on July 16, 2015 (Dkt. No. 24-2). While Central Park responded to the discovery requests, Toshiba contends that its responses are inadequate.[1]

## II.  Analysis

### A.      Interrogatory Nos. 21, 22 and 23

In Interrogatories Nos. 21, 22 and 23, Toshiba asked Central Park to identify the misrepresentations Toshiba made to Central Park about the leased equipment or Toshiba's performance under the Lease Agreement and Master Lease Agreement.  After the motion to compel was filed, Central Park supplemented its response to state that the information could be found in two documents—Toshiba's 47-page Quotation/Order for the MRI equipment and 9-page MRI Application Schedule, both of which Central Park had produced in prior responses.  Toshiba argues that this answer is insufficient, because it fails to identify which portions of these documents include alleged misrepresentations.  While Rule 33(d) provides that a party may produce business records

---

[1]After Central Park supplemented its responses on October 19, 2015, Toshiba stated in its reply that  was withdrawing its motion with regard to Requests for Production Nos. 11, 12, 28, 29, 30, 31 and 53.   Dkt. No. 29 at 3.   Further, Toshiba is no longer seeking supplements to Central Park's answers to Interrogatory Nos. 2 and 3.  *Id.* at 2.  The motion to compel is therefore **DENIED AS MOOT** as to these requests.

in place of a narrative answer to an interrogatory, when it does so it must "specify[ ] the records . . . *in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could."* FED. R. CIV. P. 33(d) (emphasis added). Pointing to 56 pages of documents without identifying the allegedly false statements fails to comply with this duty. Accordingly, the Court **ORDERS** Central Park to supplement its Answers to Interrogatory Nos. 21-23 to identify the specific misrepresentations it contends are included in the documents labeled CPIC 0076-0123 and CPIC 0199-0208.

**B.      Requests for Production Nos. 7, 8, 9,10, 22, 25, and 26**

Requests for Production Nos. 7, 8, 9, 10, 22, 25, and 26 generally seek information regarding the amount of revenue that Central Park generated from the MRI Equipment and Ultrasound Equipment, supporting documents for Central Park's claimed loss of revenue, and financial documents that show Central Park's income and expenses during the time when the MRI Equipment allegedly failed to perform.

These documents are relevant and within the scope of discovery, as they could prove or disprove Central Park's claim that it has been unable to make lease payments because it was unable to perform certain cardiac tests, as the equipment did not function as represented by Toshiba and its employees. The requests are specifically targeted at financial records relevant to revenue generated from the equipment at issue in this case. To the extent Central Park believes this information is proprietary or contains patient information, it may produce the records subject to a protective order. Accordingly, the Court **ORDERS** Central Park to supplement its responses to Requests for Production Nos. 7, 8, 9, 10, 22, 25, and 26 and to produce responsive information pursuant to a Protective Order to protect confidential patient information.

**C.      Request for Production No. 21**

Request No. 21 seeks Central Park's tax returns from 2009 to the present.  Central Park objects on the ground that the information sought in this request "may be obtained from other available sources."  Because the Court has ordered Central Park to disclose its additional financial records, the Court cannot determine at this time whether the material sought from the tax returns may be included in, or can be calculated from, the additional records that will be produced.  Accordingly, the Court **DENIES** the Motion to Compel with regard to Request for Production No. 21, without prejudice to Toshiba re-urging the issue after receipt of the additional financial records.

**D.      Requests for Production 39-41**

In Requests for Production 39-41, Toshiba seeks documents relating to any efforts by Central Park to reorganize or sell its assets to a third party investor.  Toshiba contends that it is entitled to these documents because the lease agreement at issue in this case requires Toshiba to "approve in writing" any merger, sale or consolidation transaction, and therefore, Toshiba is "entitled to investigate its breach of contract claim by determining if Central Park seeks to enter into any merger or sale transaction that violates the terms of the Master Lease Agreement."  Dkt. No. 24 at 6-7.  However, Toshiba's only contractual right with regard to a sale or merger by Central Park would be a right of approval if such a merger or sale were to occur.  Toshiba has no rights whatsoever before that time, and thus evidence of any such efforts is irrelevant to this case.  Toshiba is suing Central Park arguing that it is has violated its lease agreement by failing to make its lease payments, not for failure to obtain approval of a sale or merger.  The Motion to Compel with regard to Requests for Production Nos. 39-41 is **DENIED**.

4

### III.  Conclusion

Based upon the foregoing, Plaintiff Toshiba America Medical Systems, Inc.'s Opposed Motion to Compel Defendant Central Park Imaging Center, LTD.'s Responses to Requests for Production and Answers to Interrogatories (Dkt. No. 24) is **GRANTED IN PART** and **DENIED IN PART** as set forth above.  Central Park shall comply with the dictates of this order by producing the additional documents and providing the additional responses, no later than November 30, 2015.

SIGNED this 5th day of November, 2015.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE